William R. Young, Respondent, *v.* Joseph Gilmour, Appellant.

Appeal — Order Denying Motion for a New Trial upon Exceptions not Reviewable. An order of the Appellate Division denying a motion for a new trial made upon exceptions pursuant to section 1001 of the Code of Civil Procedure, made intermediate the interlocutory and final judgments, is not a final order, and in the absence of an allowance of the appeal and a certificate of the questions to be reviewed is not reviewable by the Court of Appeals.

*Young* v. *Gilmour,* 59 App. Div. 612, appeal dismissed.

(Submitted June 6, 1901; decided June 14, 1901.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, made March 8, 1901, overruling defendant's exceptions, ordered to be heard in the first instance by the Appellate Division, and denying a motion for a new trial.

*David J. Newland* for appellant. This appeal from the order denying defendant's motion for a new trial under section 1001 is based on exceptions and presents only questions of law. (*Raynor* v. *Raynor,* 94 N. Y. 248; *Dorchester* v. *Dorchester,* 121 N. Y. 156.)

*W. H. Deady* for respondent. The order from which the appeal is taken is not appealable to this court as a matter of right. (Code Civ. Pro. § 190, subd. 1; *Van Arsdale* v. *King,* 155 N. Y. 325.)

Landon, J. The order of the Appellate Division denying the defendant's motion for a new trial made intermediate the interlocutory and final judgment was not a final order and, therefore, not appealable in the absence of the allowance thereof by the Appellate Division and its certificate of the questions to be reviewed. (Code C. P. § 190, subd. 2.) Subd. 1 provides for appeals from orders granting new trials upon

exceptions, not from orders denying them. Under section 1336 the defendant, after the denial of his motion for a new trial by the Appellate Division, could not appeal until the entry of final judgment by the trial court pursuant to the interlocutory judgment. After such entry an appeal lies directly from such final judgment and brings up for review the order of the Appellate Division refusing the new trial.

The appeal should be dismissed, with costs.

Parker, Ch. J., Bartlett, Haight, Vann, Cullen and Werner, JJ., concur.

Appeal dismissed.